WILLIAM JASPER DUNCAN *v.* STATE OF ARKANSAS

5746                                        484 S.W. 2d 340

Opinion delivered September 11, 1972

*Jerry W. Faubus,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. William Jasper Duncan was convicted in the Pulaski County Circuit Court on the charge of possessing stolen property and was sentenced to three years in the state penitentiary.

The facts appear as follows: On the night of January 9, 1971, Gary Ketcher's 1957 green Chevrolet automobile with a "hood bubble" on it, disappeared from a private driveway where he had parked it in the Indian Hills area of North Little Rock. Parts of the disassembled automobile, including the transmission, were recovered by the police from a garage under an apartment occupied by Issac Warren Raymond and his wife on Scott Street in Little Rock. The items were recovered from the garage after Jimmy Wayne Wyles was apprehended while transporting Ketcher's automobile motor from Raymond's garage. Both Duncan and Wyles were arrested and charged with having in their possession, with the intent to deprive

the true owner thereof, certain stolen goods consisting of an automobile engine, a transmission, a gear shift mechanism, tools, a tool box, a generator, a battery, a steering wheel, a car radio, a tape player and assorted tapes, the property of Gary Ketcher. Ketcher identified the various parts of his automobile at the police headquarters and the items were released to him with the exception of a tape player and some small items which were placed in evidence as exhibits at the trial. On appeal to this court Duncan relies on the following points for reversal:

> "There was no proof that appellant ever had in his possession any of the items introduced at the trial.
>
> The items allegedly in appellant's possession were never introduced in evidence at the trial and no item allegedly stolen was ever found to be in appellant's possession."

As to appellant's first point, Ketcher testified that while he was waiting to testify at the preliminary hearing in municipal court, Duncan approached him and offered to recover the remaining parts of the automobile and offered to help him reassemble the automobile if he would agree not to prosecute.

Issac Warren Raymond testified that in January, 1971, he was living in an apartment over a private garage at 1511 Scott Street in Little Rock and that he kept the garage locked with a combination lock. He testified that he was acquainted with Duncan and Wyles and that Duncan had an automobile in his garage where it was being worked on. He testified that Duncan and Wyles contacted him on Saturday night, January 9, and tried to get him to go with them to get a motor and transmission for Duncan's automobile. He said he refused to go with them and that the following morning at 3:15 a.m. Duncan woke him up and wanted to put some automobile parts in his garage. He testified that he went downstairs and unlocked the door to the garage, at Duncan's request, and that after he went back upstairs, he and his wife heard Duncan and Wyles putting things in the garage. He testified that Duncan returned to his apartment about 7:00 p.m. that Sunday evening and told him what he had placed in the garage.

"Q. What was the nature of those conversations?

A. Well, he told me about what he had brought in that night.

Q. What did he say he brought in?

A. He said he brought in a transmission for his car and had some wheels and a set of headers.

Q. Did he say what kind of car he got the transmission off of?

A. Yes, sir, he did.

Q. What kind?

A. It was a green, '57 Chevrolet.

Q. Did he say anything about the hood of the car?

A. It did have a hood bubble on it.

Q. Did he say what he did with the car?

A. He said that, well, he told me he was going to take it to a barn off on the old England highway and that he brought some other cars there before."

On cross-examination this witness testified as follows:

"A. I was asleep, but somebody knocked on the door, and my wife heard it. She went down and she seen Jackie Duncan. She come upstairs and told me that Jackie wanted to talk to me, so I came downstairs, and Jackie said he had some stolen automobile parts that he wanted to put in the garage.

Q. Some stolen automobile parts?

A. Right.

Q. All right. What happened then?

A. Then, I opened the combination lock, and he put some stuff in there."

Amy Raymond, the wife of Issac Raymond, testified that she heard Duncan state that they were going to steal an automobile and get the transmission. She corroborated her husband's testimony as to the appearance of Duncan at their apartment at 3:00 a.m. on Sunday morning requesting access to the garage.

In *Fuller* v. *State*, 246 Ark. 138, 437 S. W. 2d 780, we approved a statement found in 76 C.J.S, § 6 b, as follows:

"In order to satisfy the requirement of possession of the goods by accused, actual, physical, or manual possession is not necessary, but constructive or potential possession or control will be sufficient."

As to the second point, Ketcher identified the stolen goods as belonging to him by marks he had placed on them and he so testified at the trial. Duncan did not testify at the trial and the identity of the automobile motor, the transmission and other parts as coming from Ketcher's stolen automobile was never seriously questioned. The appellant has cited no law, and we know of none, that requires all stolen items to be made exhibits in evidence at the trial of the accused in order to sustain his conviction for having possessed them.

The judgment is affirmed.